**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REGINALD HOWARD,          )<br>                                                  )<br>            Plaintiff,              )<br>                                                  )<br>       vs.                              )<br>                                                  )<br> GARY HILL,                       )<br>                                                  )<br>            Defendant.          )<br>_____) | CV-N-04-0281-HDM (VPC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>July 20, 2006 |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#12). Plaintiff has failed to file an opposition.

The court has thoroughly reviewed the record and the motion and recommends that the motion to dismiss be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Reginald Howard ("plaintiff") is a prisoner at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff's claims arise from an incident at Nevada State Prison ("NSP"), where he was previously incarcerated. *Id*. Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment right against cruel and unusual punishment, his Fourteenth Amendment right to due process, and his right to be free from retaliation for exercising his First Amendment rights. *Id*.

1  Plaintiff also asserts that defendant violated state assault law. *Id*.; NRS 200.471. Plaintiff names
2  as defendant Gary Hill, NSP correctional officer. *Id*.

3  In count I, plaintiff claims his Eighth Amendment right against cruel and unusual
4  punishment was violated by defendant when defendant allegedly ordered plaintiff first to sit on
5  
6  hot rocks in the sun and then to lie on the ground with his face on the hot asphalt. *Id.* Plaintiff
7  also claims his Fourteenth Amendment due process right and his Eighth Amendment rights were
8  violated because defendant used excessive force without provocation and solely to cause pain and
9  embarrassment and to instill fear in plaintiff.[1] *Id.*

10 
11 In count II, plaintiff claims his First Amendment right against retaliation was violated
12 when defendant filed an allegedly false notice of charges regarding the incident in retaliation for
13 plaintiff filing a grievance and lawsuit regarding the incident. *Id.* Plaintiff also claims that the
14 notice of charges violated his Fourteenth Amendment due process rights because it was filed two
15 days late. *Id.* Plaintiff asserts that the disciplinary hearing violated his due process rights because
16 he appeared before a single disciplinary committee member when the "Code" calls for two or
17 three members to preside and because he was only allowed to call one witness. *Id.*
18 
19 Plaintiff filed his complaint on May 26, 2004 (#4). However, previously he had alleged
20 the exact same claims arising from the same incident in a previous case, *Howard v. Hill, et. al.*,
21 CV-3:03-00493-HDM (RAM) ("*Howard I*"). In *Howard I*, defendants filed a motion to dismiss
22 and argued that while plaintiff had exhausted his administrative remedies with respect to count
23 I, he had not exhausted as to count II (*Howard I,* #6). The Court found that plaintiff had both
24 exhausted and unexhausted claims in his complaint and gave him twenty days to either voluntarily
25 
26 
27 [1]The court notes that a claim of excessive force is properly analyzed under the Eighth Amendment.
   *See Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Jordan v. Gardner*, 986 F.2d. 1521, 1528 (9th Cir.
28 1993).

2

dismiss his count II claim with prejudice, or take no action, in which case the court would dismiss the action without prejudice to enable plaintiff to exhaust his unexhausted claims (*Howard I*, #11). Plaintiff failed to respond to the Court's order or to file an amended complaint; therefore, the Court dismissed the complaint without prejudice (*Howard I*, #13).

When plaintiff filed a notice of appeal in *Howard I* (*Howard I,* #12), the court granted defendant's motion for stay of proceedings in the present case ("*Howard II*") because the claims in *Howard II* arise out of the exact same incident between plaintiff and defendant that is the subject of *Howard I* (*Howard II*, #7). Count I in *Howard II* sets forth claims identical to those set forth as count I in *Howard I* (*Compare Howard I*, #4 to *Howard II*, #4). Count II of *Howard II* sets forth some of the claims raised in count II of *Howard I*. *Id.* Thus, all claims that plaintiff alleges in *Howard II* were previously set forth in *Howard I*.[2] *Id.*

The Ninth Circuit Court of Appeals filed a memorandum decision in *Howard I*, in which it reversed and remanded the District Court's judgment dismissing plaintiff's complaint (*Howard I*, #24). Therefore, defendant has filed a motion to dismiss *Howard II* as it raises claims that will now be litigated in *Howard I* (#12). Plaintiff has not filed an opposition to defendant's motion to dismiss.

## II. DISCUSSION & ANALYSIS

**A. Discussion**

Local Rule of Civil Practice 7-2 ("LR 7-2") provides that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

---

[2] In *Howard I*, plaintiff names NSP correctional officer Gobel and John Does 1 and 2 in addition to Hill (*Howard I*, #4).

3

**B. Analysis**

Defendant's motion to dismiss is granted because plaintiff failed to oppose the motion, as required by LR 7-2(d). Moreover, plaintiff sets forth the same claims in *Howard I*, which is currently proceeding in the District of Nevada (*Howard I*, #s 4, 24). Thus, the *Howard II* complaint is duplicative. Defendant's motion to dismiss is granted (#12).

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to respond to defendants' motion to dismiss as required by LR 7-2. As such, the court recommends that defendants' motion to dismiss (#12) be granted without prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### III.  RECOMMENDATION

`   **IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#12) be **GRANTED**.

   **DATED:**  July 20, 2006.

   _____
   **UNITED STATES MAGISTRATE JUDGE**